**UNITED STATES of America,
Appellee,**

v.

**Gregory A. DICKEY, Appellant.**

**No. 25378.**

United States Court of Appeals,
Ninth Circuit.

June 30, 1970.

Tom O'Toole (argued), Federal Public Defender, Phoenix, Ariz., for appellant.

Stanley L. Patchell (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Joseph Jenckes, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY, ELY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Dickey, after a court trial, was found guilty, sentenced and placed on probation for a violation of the National Firearms Act as amended Oct. 22, 1968, P.L. 90–618, 82 Stat. 1227, for possession of an unregistered firearm, 26 U.S.C. §§ 5841, 5861(d) and 5871.[1] He raises two issues on appeal from that judgment. 1) The weapon was the product of an illegal search. 2) The evidence was insufficient to support a conviction. We affirm.

■ The weapon was found under Dickey's bed by police officers executing a search warrant for marihuana. Dickey contends that the warrant was issued in violation of the Supreme Court's dictates in Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Examination of the affidavit for the search warrant rebuts Dickey's contention. The affidavit states that the informant in the case had supplied information "which was beneficial to agents investigation of illegal narcotics traffic" on a prior occasion. The informant had also "under the direction and control of [affiant] purchased narcotics further proving the informant's reliability." The affidavit further stated that the affiant had supervised a purchase from Dickey. We find that this evidence was sufficient to authorize the granting of the warrant.

Dickey next disputes the sufficiency of the evidence upon which he was convicted. As we read Dickey's brief, he argues: 1) the evidence before the trial court required the conclusion that he was a finder of the gun; 2) as a finder, he

---

1. 26 U.S.C. § 5841 provides in pertinent part:

"(a) Central registry.—The Secretary or his delegate shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include—

"(1) identification of the firearm;

(2) date of registration; and

(3) identification and address of person entitled to possession of the firearm.

"(b) By whom registered.—Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. Each firearm transferred shall be registered to the transferee by the transferor.

"(c) How registered.—Each manufacturer shall notify the Secretary or his delegate of the manufacture of a firearm in such manner as may by regulations be prescribed and such notification shall effect the registration of the firearm required by this section. Each importer, maker, and transferor of a firearm shall, prior to importing, making, or transferring a firearm, obtain authorization in such manner as required by this chapter or regulations issued thereunder to import, make, or transfer the firearm, and such authorization shall effect the registration of the firearm required by this section."

26 U.S.C. § 5861(d) makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record * * *."

26 U.S.C. § 5871 provides: "Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both, and shall become eligible for parole as the Board of Parole shall determine."

was under no obligation to have the gun registered to him under any provision of the National Firearms Act. Since we cannot agree with Dickey's initial contention, we need not decide his second.

Dickey tacitly conceds that if he acquired the firearm by any means other than finding it, his acquisition should have been recorded under the Act. It is undisputed that no such recording took place. Dickey testified that he found the gun in the desert during an evening drive.[2] He had earlier told police that he thought the gun had been lost by a Mexican named Pete. On the witness stand he admitted that he made up that part of the story to try to please the interrogating officer.

In his oral findings the trial judge specifically stated that he did not believe Dickey's story.[3] Our reading of the testimony persuades us of the correctness of that conclusion. As noted above, Dickey admitted parts of his story were fictional. An investigating officer testified that Dickey stated he knew the gun was illegal and that he was "stupid" and "blew it." Additional evidence rebutted Dickey's claim that he had the gun for only one day before it was seized by police.

We conclude that Dickey's credibility was deservedly suspect and that the trial judge was entitled to reject his testimony that he found the gun. This left Dickey as either a maker or a transferee of the gun.[4] Under 26 U.S.C. § 5841 the making or transfer should have been recorded in the National Firearms Registration and Transfer Record. Dickey's possession of the unregistered firearm was therefore a violation of 26 U.S.C. § 5861(d).

The judgment is affirmed.

---

2. Dickey's father and brother and a friend of Dickey's testified for the defense. While they verified parts of Dickey's testimony, all relied on Dickey's explanation of how he acquired the gun.

3. In giving his oral opinion, the trial judge stated: "I believe that [Dickey] is either a transferor or a maker of that gun." Counsel for the Government suggests that the judge misspoke himself. It appears that the judge meant Dickey was either a *transferee* or maker. No prejudice occurred from this misstatement, however, as the judge stated that he found Dickey guilty of Count I of the indictment, possessing a firearm not registered to him.

4. 26 U.S.C. § 5845(i) defines "make" and its derivatives to include "manufacturing * * * putting together, altering, any combination of these, or otherwise producing a firearm."

26 U.S.C. § 5845(j) defines "transfer" and its derivatives as including "selling, assigning, pledging, leasing, loaning, giving away, or otherwise disposing of."

26 U.S.C. § 5841(b) requires registration by a maker or by a party transferring a firearm. The latter registration shall be in the name of the transferee.